[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 10-11967

_____

D. C. Docket No. 2:04-cv-00036-DHB-JEG

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2011
JOHN LEY
CLERK

LEONARDO DEL ROSARIO,
EVELYN WEST,

Plaintiffs-Appellants,

WARDINE F. TAYLOR,
JOHN A. PARKER, et al.,

Consolidated Plaintiffs, Appellants,

versus

KING & PRINCE SEAFOOD CORPORATION,
KING & PRINCE SEAFOOD CORPORATION
EMPLOYEE STOCK OWNERSHIP PLAN, et al.,

Defendants-Appellees.

_____

No. 10-12104

_____

D. C. Docket No. 2:04-cv-00036-DHB-JEG

LEONARDO DEL ROSARIO,
EVELYN WEST,

Plaintiffs-Appellees,

WARDINE F. TAYLOR,
JOHN A. PARKER, et al.,

                                        Consolidated Plaintiffs-Appellees,

                              versus

KING & PRINCE SEAFOOD CORPORATION,
KING & PRINCE SEAFOOD CORPORATION
EMPLOYEE STOCK OWNERSHIP PLAN, et al.,

                                        Defendants-Appellants.

                    _____

                Appeals from the United States District Court
                    for the Southern District of Georgia
                    _____

                            (June 28, 2011)

Before CARNES, ANDERSON and FARRIS,[*] Circuit Judges.

PER CURIAM:

    For the reasons discussed below, we affirm the district court's decision

rejecting Plaintiffs' claims under ERISA § 502(a)(1)(B), 29 U.S.C. §

1132(a)(1)(B), and the district court's dismissal of the claims of the Plaintiffs who

received their distributions in the 2002-2003 Plan Years.  However, we remand in

---

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

part to the district court for reconsideration of the issue of whether a remedy exists under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), in light of the Supreme Court's decision in <u>CIGNA Corp. v. Amara</u>, __ U.S. __, 131 S. Ct. 1866 (May 16, 2011). Because we remand in part, we do not address the Defendants' cross-appeal.[1]

The Plaintiffs argue on appeal that the district court erred when it held that they had not stated a claim under § 502(a)(1)(B) in its order granting in part the Defendants' motion for summary judgment. In this regard, Plaintiffs assert only two arguments in their initial brief on appeal. First, the Plaintiffs argue that the district court never addressed their § 502(a)(1)(B) claims. However, those claims were addressed and rejected in the order granting in part and denying in part the Defendants' Motion for Summary Judgment. Next, Plaintiffs argue that the district court misapplied <u>Jones v. American General Life and Accident Insurance</u>, 370 F.3d 1065 (11th Cir. 2004), where, they assert, this Court instructed that in § 502(a)(3) cases, the court is to look not at the relief sought but rather at whether the allegations support a cause of action under another ERISA provision. Plaintiffs argue that instead, the district court here looked at the relief sought to determine

---

[1]    <u>Amara</u> may also provide additional guidance relevant to the issues raised by Defendants in the cross-appeal, which should be addressed in the first instance by the district court. Our refusal to address the cross-appeal is without prejudice to a future appeal challenging the district court's ruling if the district court on remand determines that § 502(a)(3) does, in light of <u>Amara</u>, provide a remedy for the Consent Rule violations with respect to Plan Years 1998-2001, and if the district court decides that the case may continue as a class action.

that they did not have a claim under § 502(a)(1)(B).

In Jones, this Court stated that the pertinent inquiry with respect to § 502(a)(3) was "whether the plaintiffs also had a cause of action, based on the same allegations, under Section 502(a)(1)(B) or ERISA's other more specific remedial provisions."  370 F.3d at 1073.  The purpose of § 502 (a)(3) was to "'act as a safety net, offering appropriate equitable relief for injuries caused by violations [of ERISA] *that § 502 does not elsewhere adequately remedy*.'"  Id. (quoting Varity Corp. v. Howe, 516 U.S. 489, 512, 116 S. Ct. 1065, 1078 (1996)).  As we noted, in Varity, the Supreme Court recognized a cause of action under § 502(a)(3) because the plaintiffs had no benefits due to them under the terms of the plan.  Id.

In this case, the district court examined the allegations and found that the Plaintiffs did not "seek to recover benefits due under the plan, to enforce rights under the plan, or to clarify a right to future benefits," tracking the language of § 502(a)(1)(B).  It thus determined that Plaintiffs had not stated a claim under § 502(a)(1)(B) because they were due no additional benefits and because the violations did not give rise to additional benefits.[2]  The district court thus correctly

---

[2]  In their initial brief on appeal, Plaintiffs do not challenge the substance of those rulings, and have thus abandoned any challenge to them.  Locke v. Shore, 634 F.3d 1185, 1189 n.1 (11th Cir. 2011) (holding that issues not argued on appeal are deemed abandoned).  Rather, Plaintiffs' only challenge to the merits of the district court's § 502(a)(1)(B) ruling is that the district court's ruling was inconsistent with Jones.

4

followed the instructions of this court in <u>Jones</u> and there is no merit in Plaintiffs' argument that the district court's ruling was inconsistent with <u>Jones</u>. Having rejected Plaintiffs' only merits challenge to the district court's § 502(a)(1)(B) ruling, the law of this case is that Plaintiffs' § 502(a)(1)(B) claims have been properly rejected.

Turning to the Plaintiffs' challenge to the dismissal of their claims with respect to the 2002-2003 Plan Years, we agree with the district court that the Defendants substantially complied with the Consent Rule for the 2002-2003 Plan years. The notices for those years contained detailed descriptions of the put option rights available to the participants and the stock rollover option as well as the tax consequences of the various distribution forms. These crucial disclosures were omitted in the earlier years, resulting in the district court's decision that the cumulative effect of the deficiencies in the 1998-2001 disclosures constituted Consent Rule violations that made the violations in the earlier years actionable. The district court determined that the additional disclosures in 2002-2003 made the consents sufficiently informed. We cannot conclude that the district court erred in this regard. We also agree with the district court that there is no merit in the

Plaintiffs' claim of violation of the Significant Detriment Rule.[3]

Having affirmed the district court's rejection of the Plaintiffs' § 502(a)(1)(B) claim, and the district court's holding that there were no violations with respect to the 2002-2003 Plan Years, Plaintiffs' only remaining claim involves the violations of the Consent Rule in the earlier years – i.e. the 1998-2001 Plan Years. Because the law of this case is that these violations are not actionable under § 502(a)(1)(B), the only issue remaining is whether these violations are actionable under § 502(a)(3). Because the intervening Supreme Court decision in <u>Amara</u> has provided more guidance with respect to the interpretation of § 502(a)(3), we vacate the district court's judgment with respect to the § 502(a)(3) issue and remand this issue to the district court for reconsideration in light of <u>Amara</u>, and for further proceedings not inconsistent with this opinion.

AFFIRMED in part, VACATED in part, and REMANDED.

---

[3] In finding there were no violations with respect to the 2002-2003 Plan Years, the district court apparently found that those disclosures were in substantial compliance with the regulations. On appeal, Plaintiffs neither argue that substantial compliance is insufficient, nor cite any case suggesting that substantial compliance is insufficient. We readily agree with the district court that the disclosures in the 2002-2003 Plan Years were in substantial compliance. Indeed, the record fails to reflect that the Plaintiffs were left in the dark about any significant matter.