MARK A. GOLDSMITH, District Judge,
concurring in part and dissenting in part.
I agree with all but Section II.D of the majority’s opinion. My disagreement concerns two issues. First, the majority engages in a legal analysis for a claim under 29 U.S.C. § 1132(a)(1)(B), based on an asserted conflict between language in an ERISA-covered plan and the summary plan description (SPD), that is no longer relevant after the United States Supreme Court’s decision in CIGNA Corp. v. Amara, — U.S. -, 131 S.Ct. 1866, 179 L.Ed.2d 843 (2011). Second, the majority bars Lipker on remand from seeking equitable relief under 29 U.S.C. § 1132(a)(3), even though the viability of such relief was shrouded in uncertainty until CIGNA. For the reasons explained in more detail below, I would reverse the judgment of the district court, but remand the case to that court for consideration of appropriate equitable relief in light of CIGNA.
CIGNA was decided well after the district court issued its final judgment in this case. Where there has been an intervening change in law during the pendency of an appeal, this court generally must “apply the law in effect at the time it renders its decision.” See Bradley v. Sch. Bd. of City of Richmond, 416 U.S. 696, 712, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). Therefore, CIGNA must be followed in this case.
In CIGNA, the Supreme Court held that SPDs do not constitute plan terms for claims brought under 29 U.S.C. § 1132(a)(1)(B). See CIGNA 131 S.Ct. at 1878 (“[T]he summary documents, important as they are, provide communication with beneficiaries about the plan, but ... their statements do not themselves constitute the terms of the plan for purposes of § 502(a)(1)(B).”) (emphasis in original). See also Bender v. Newell Window Furnishings, Inc., 681 F.3d 253, 265 n. 9 (6th Cir.2012) (“In CIGNA an ERISA action to recover amounts due under an ERISA plan, the Court clarified that the provisions of an SPD could not be enforced as terms of the ERISA plan itself.”).
At the same time, however, the CIGNA Court suggested, in dicta, that relief under § 1132(a)(3) — which allows courts to grant “other appropriate equitable relief’ — is available to redress injuries caused by an administrator’s failure to provide accurate summary information. See CIGNA 131 S.Ct. at 1878-82 (discussing whether § 1132(a)(3) provides relief to those injured by inaccurate summary language, and concluding that “[w]e doubt that Congress would have wanted to bar those employees from relief’).[1]
*934 In the present case, the majority acknowledges CIGNA’s holding. See Opinion at 931 n. 4. Nonetheless, it proceeds to apply pre-CIGNA authority to resolve Lipker’s alternative argument under § 1132(a)(1)(B) that she is entitled to a higher pension amount based on language in the SPD, regardless of any conflicting language in the plan. See Opinion at 930-32 (citing various pre-CIGNA cases, including University Hospitals of Cleveland v. Emerson Electric Company, 202 F.3d 839, 850-51 (6th Cir.2000)). After CIGNA, however, this line of cases is inapplicable because the Supreme Court has now held that an SPD does not constitute “terms of the plan” that a beneficiary may enforce under § 1132(a)(1)(B). ' The majority’s analysis of possible conflict between the plan and the SPD is irrelevant because, in either case, the SPD language cannot be enforced under that ERISA provision. Therefore, I would simply invoke CIGNA to reject Lipker’s alternative argument under § 1132(a)(1)(B).
More importantly, the majority errs in summarily depriving Lipker of the opportunity to return to the district court to assert a claim for equitable relief under § 1132(a)(3). The majority does so because, in its words, “no such equitable theory is asserted in plaintiffs complaint, which expressly prays only for award of benefits under the ‘specific’ and ‘clear and unambiguous language’ of the plan.” Opinion at 931 n. 4.
It is true that Lipker did not expressly seek equitable relief before the district court.[2] But her failure to do so is not surprising and certainly not unreasonable, as her right to do so was not apparent until May 16, 2011, the day CIGNA was decided, more than two years after this case was originally filed. Prior to CIGNA SPD language was deemed plan language to the extent there was a conflict between the two. See, e.g., Edwards v. State Farm Mut. Auto. Ins. Co., 851 F.2d 134, 136 (6th Cir.1988) (“This Circuit has decided that statements in a summary plan are binding and if such statements conflict with those in the plan itself, the summary shall govern.”). Further, § 1132(a)(1)(B) was utilized as the avenue for relief from injuries arising out of such conflicts. See, e.g., id.; Rhoton v. Cent. States, Se. & Sw. Areas Pension Fund, 717 F.2d 988 (6th Cir.1983). Moreover, prior to CIGNA there was significant uncertainty whether § 1132(a)(3) provided an avenue for relief based on such a conflict. See CIGNA 131 *935 S.Ct. at 1876 (noting that district court did not award equitable relief under § 1132(a)(3) because of Supreme Court cases that narrowed application of that section). Only after CIGNA did it become clear that (i) § 1132(a)(1)(B) does not provide an avenue for relief from injuries stemming from conflicts between SPD language and plan language, and (ii) § 1132(a)(3) may well provide an avenue for such relief.
In situations where an intervening change-in-law during the pendency of an appeal renders an old theory untenable and a new theory viable, it is only fair to return the case to the district court for a determination, in the first instance, whether to permit the new claim to proceed. See Del Rosario v. King & Prince Seafood Corp., 432 Fed.Appx. 912, 913 (11th Cir.2011) (affirming dismissal of claim for benefits under § 1132(a)(1)(B), but remanding “for reconsideration of the issue of whether a remedy exists under ... § 1132(a)(3), in light of the Supreme Court’s decision in CIGNA ”).
However, the majority refuses to do so here because “Lipker never pled below, has not argued in this appeal, and has not even asserted, post-CIGNA” a claim for equitable relief. Opinion at 932 n. 5. As discussed, Lipker’s failure to plead an equitable claim below was reasonable under the circumstances. Regarding her failure to raise the issue of equitable relief under § 1132(a)(3) during the pendency of this appeal, Lipker’s brief on appeal was due and submitted before CIGNA was decided. Further, this court never directed the parties to submit supplemental briefs addressing the impact of CIGNA on this case. Tellingly, neither attorney in this matter has mentioned CIGNA to this court — -not during oral argument and not in any post-argument submission. In light of the obvious relevance of that decision to this case and the fact that neither attorney has brought the case to the court’s attention, it is likely that neither counsel is aware of the decision. The majority’s insistence on forever barring Lipker from pursuing a form of relief to which she may be entitled simply because her attorney is apparently unaware of an intervening sea-change in the law is unreasonably harsh.
The majority holds that it is not the role of the court to order sua sponte a remand for the purpose of allowing the district court to address an unasserted claim. See Opinion at 932 n. 5 (“The dissent’s position misconceives our role.”). While I agree with the majority that courts generally should not raise issues and claims that were not raised by the parties, there are plainly extenuating circumstances here justifying a remand — namely, a significant change in the law (occurring after the district court proceedings and after the deadline for briefing on appeal) that created the possibility of a viable cause of action, previously viewed dubiously by the courts.
The power of an appellate court to remand sua sponte under circumstances that are just is well "established and deeply rooted. See 28 U.S.C. § 2106 (“The Supreme Court or any other court of appellate jurisdiction may ... remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.”); Underwood v. Comm’r of Internal Revenue, 56 F.2d 67, 73 (4th Cir.1932) (“In a number of instances, Circuit Courts of Appeals have remanded cases for rehearing when it seemed necessary in order to do justice to the parties.... In addition, there is the well-established rule that an appellate court has the power, without determining and disposing of a case, to remand it to the lower court for further proceedings if the case has been tried on a wrong theory, or the record is not in condition for the appel *936 late court to decide the question presented with justice to all parties concerned.”). In Nuelsen v. Sorensen, 293 F.2d 454 (9th Cir.1961), the court of appeals ordered a remand for the district court to consider issues not raised before either court, explaining:
There is, however, no rigid and undeviating judicially declared practice under which courts of review invariably and under all circumstances decline to consider all questions which have not previously been specifically urged. Indeed there could not be without doing violence to the statutes which give federal appellate courts the power to modify, reverse or remand decisions ‘as may be just under the circumstances.’ 28 U.S.C. § 2106. Exceptional cases or particular circumstances may prompt a reviewing court, where injustice might otherwise result or where public policy requires, to consider questions neither pressed nor passed upon below. The power to raise and decide question sua sponte is, however, to be exercised sparingly and with full realization of the restrictions and limitations inherent in its employment.
Rather than consider the matter sua sponte, of course, the appellate court may note the existence of the unargued, undecided question and remand the case to the lower court. This makes the decision on the matter one reflecting the consideration of a trial court and the counsel in the case.
Id. at 462 (footnotes omitted).
Exceptional circumstances for a remand exist here where an unpled claim of questionable validity became viable on appeal because of an intervening Supreme Court decision. Given that there is no prejudice to AK Steel in ordering a remand to consider such a claim, it is well within the role of this court, as a court of justice, to see that Lipker receives a full opportunity to vindicate her rights under ERISA.
For all of these reasons, reversal of the district court should be accompanied by a remand for a determination whether Lipker can proceed on an equitable theory under § 1132(a)(3) in light of CIGNA. Because the majority opinion does not order a remand for this purpose and because of its failure to apply CIGNA properly, I must respectfully dissent from Section II.D of the majority’s opinion.

. Following CIGNA, other courts have uniformly recognized what the Supreme Court strongly implied in CIGNA — that, under appropriate circumstances, equitable remedies under § 1132(a)(3) are available to redress injuries stemming from inaccurate summary *934 language. See Koehler v. Aetna Health Inc., 683 F.3d 182, 189 (5th Cir.2012) (citing CIG-NA for the proposition that "even if the plan's language unambiguously supports the administrator's decision, a beneficiary may still seek to hold the administrator to conflicting terms in the plan summary through a ... claim under § 1132(a)(3)” (emphasis in original)); Skinner v. Northrop Grumman Ret. Plan B, 673 F.3d 1162, 1165-67 (9th Cir.2012) (recognizing that, under CIGNA, equitable relief pursuant to § 1132(a)(3) is available to redress injuries stemming from reliance on inaccurate summary language); US Airways, Inc. v. McCutchen, 663 F.3d 671, 679 (3d Cir.2011) (citing CIGNA, recognizing that equitable relief under § 1132(a)(3) "temperjs]” the "absolute freedom to contract”); Wallace v. Freight Drivers & Helpers Local No. 557 Pension Fund, No. 11-2062, 2012 WL 2571223, at *6 (D.Md. Jul. 2, 2012) (noting that, under CIGNA, "court may hold a Plan to the terms of its SPDs on equitable grounds (as, in essence, a form of estoppel)”).

. In her complaint, Lipker did not expressly seek relief under § 1132(a)(1)(B) either. The barebones complaint, which does not even mention ERISA, alleges only that AK Steel miscalculated the widow’s benefit to which she is entitled under the plan, and requests relief as follows: "the Plaintiff prays for a determination of the Court that the plan must comply with the specific language set forth within the plan contract; for back pay; for interest, costs and attorney’s fees; and for any and all other appropriate relief to which she may appear entitled.”